IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **ALEXANDRIA KELLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CV No.:  17-cv-1239-HNJ |
| | ) | |
| **DECATUR BAPTIST CHURCH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ANSWER, AFFIRMATIVE
DEFENSES, AND DEMAND FOR JURY TRIAL**

COMES NOW, Defendant Decatur Baptist Church and sets forth its answers, affirmative defenses, and demand for jury trial. Responding to Plaintiff's Complaint, paragraph by paragraph, Defendant says as follows:

**JURISDICTION and VENUE**

1. Defendant denies that this Court has subject matter jurisdiction over this cause of action on the grounds that the ecclesiastical abstention doctrine applies.

2. Defendant admits that the allegations of Plaintiff's Complaint purport to fulfill all conditions precedent to the bringing of this action, namely that a Notice of Right to Sue from EEOC has been issued and that the Complaint was timely filed.

3. Defendant admits that it is located and/or doing business within this judicial district and division, making venue proper under 28 U.S.C. § 1391 (b)(1).  Defendant denies that it has committed any unlawful employment practices.

4. Defendant admits that Plaintiff is a female individual and is over the age of 18. Defendant further admits that Plaintiff was over the age of 19 and employed by the Defendant.

Defendant is without sufficient knowledge to admit that Plaintiff resides at the address listed in the Complaint.

5. Defendant admits that it is an organization doing business in the judicial district and division and that Defendant had employed Plaintiff.

6. Defendant admits that Plaintiff was employed by Defendant on or about March 17, 2015 through on or about August 27, 2015 but denies that Plaintiff was terminated on the basis of her pregnancy and gender.

7. Defendant admits that Plaintiff was employed as a ministerial child care and maintenance employee.

8. Defendant denies that Plaintiff received no disciplinary actions and denies that Plaintiff did not have work performance issues.

9. Defendant admits that Plaintiff notified Defendant of Plaintiff's pregnancy.

10. Defendant admits that Plaintiff was terminated on August 27, 2015 but denies that Plaintiff was terminated when Defendant became aware of Plaintiff's pregnancy.

11. Defendant denies that Defendant specifically informed Plaintiff that she was terminated because of her pregnancy.

12. Defendant admits that the EEOC issued a Letter of Determination but denies the findings therein.

## COUNT I

13. No response required.

14. Defendant denies that it discriminated against Plaintiff and terminated her on the basis of her pregnancy. Plaintiff further denies any violation of Title VII of the Civil Rights Act as amended by the Pregnancy Discrimination Act.

15. Defendant denies that it directly and proximately caused Plaintiff to suffer damages.

## COUNT II

16. No response required.

17. Defendant denies that Plaintiff was discriminated against on the basis of her sex and denies violating Title VII of the Civil Rights Act.

18. Defendant denies that it directly and proximately caused Plaintiff to suffer damages.

## GENERAL DENIAL

19. Defendant denies each and every allegation not expressly admitted herein and demands strict proof thereof.

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

20. The Complaint fails to state a claim upon which relief can be granted and should therefore be dismissed. The requisite elements for the claim are not present and/or have not been properly pled.

## SECOND AFFIRMATIVE DEFENSE
(Subject Matter Jurisdiction)

21. Defendant, a church with a religious educational institution, states that pursuant to 42 U.S.C. § 2000e-2(e)(2), this Court lacks subject matter jurisdiction on the grounds of the ecclesiastical abstention doctrine.

## THIRD AFFIRMATIVE DEFENSE
(Failure to Mitigate)

22. Defendant states that Plaintiff's claims fail, in whole or in part, because Plaintiff has failed to mitigate her damages.

## FOURTH AFFIRMATIVE DEFENSE
### (Doctrine of Waiver, Estoppel and/or Unclean Hands)

23. Plaintiff's purported claims for relief are barred in whole or in part by the doctrines of waiver, estoppel and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
### (Ministerial Exception)

24. Defendant, a church with a religious educational institution, states that pursuant to 42 U.S.C. § 2000e-2(e)(2), Plaintiff's claims are barred by the ministerial exception as said action would interfere with the Defendant's protected ministerial decisions.

## SIXTH AFFIRMATIVE DEFENSE
### (Non-Discriminatory Actions)

25. Defendant states that any actions taken with respect to Plaintiff were taken for legitimate, non-discriminatory, and non-pretextual religious reasons.

## SEVENTH AFFIRMATIVE DEFENSE
### (Good Faith)

26. Defendant states that any decisions concerning Plaintiff were made in good faith on the basis of Plaintiff's violation of Defendant's religious policies and procedures. Defendant further denies that any action with respect to Plaintiff was malicious, intentional, or done in bad faith or with reckless disregard for any federally protected rights. To the contrary, all actions were taken in good faith.

## EIGHTH AFFIRMATIVE DEFENSE
### (Right to Supplement Defenses)

27. Defendant reserves the right to modify and supplement its affirmative defenses and to plead additional affirmative defenses based upon such facts and circumstances as become known to Defendant.

## DEMAND FOR JURY TRIAL

28. Pursuant to Rule 38, Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution, Defendant demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays for judgment as follows:

1. That judgment be entered in favor of Defendant and against Plaintiff and that the Complaint herein be dismissed with prejudice;

2. That Defendant be awarded its costs of suit herein;

3. That Defendant be awarded reasonable attorneys' fees as may be determined by the Court; and

4. For such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

s/David C. Gibbs III
David C. Gibbs III, Esq.
GIBBS LAW FIRM, P.A.
P.O. BOX 5076
Largo, FL  33779
(727) 362-3700
dgibbs@gibbsfirm.com
*FL Bar No. 0992062*
*Attorney for Defendant*

s/Rita M. Briles
Rita M. Briles, Esq.
GIBBS LAW FIRM, P.A.
P.O. BOX 5076
Largo, FL  33779
(727) 362-3700
rbriles@gibbsfirm.com
*ASB-4877-R58R*
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

      I hereby certify a copy of the foregoing has been served upon all parties of record by filing this document with the Clerk of the Court using the CM/ECF system which electronically notifies all parties on this 15th day of May 2018.

Jay E. Emerson, Esq.
Higgs & Emerson
405 Franklin Street
Huntsville, AL  35081

                                        s/Rita M. Briles
                                        Rita M. Briles